# United States Court of Appeals
## For the Eighth Circuit

_____

No. 16-2586

_____

United States of America,

*Plaintiff - Appellee,*

v.

Alberto Sanchez,

*Defendant - Appellant.*

_____

Appeal from United States District Court
for the Northern District of Iowa - Sioux City

_____

Submitted: February 7, 2017
Filed: February 24, 2017
[Unpublished]

_____

Before SMITH, ARNOLD, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Alberto Sanchez directly appeals the district court's[1] judgment entered upon a jury verdict finding him guilty of conspiring to distribute methamphetamine, and

---

[1]The Honorable Mark W. Bennett, United States District Judge for the Northern District of Iowa.

distributing methamphetamine. In a brief filed pursuant to *Anders v. California*, 386 U.S. 738 (1967), Sanchez's counsel challenges the sufficiency of the evidence and the reasonableness of the sentence. In pro se supplemental briefs, Sanchez also challenges underlying Guidelines findings. For the reasons that follow, we affirm.

An indictment charged that from 2014 to June 2015, Sanchez conspired with others to distribute 50 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A), and 846 (Count 1); and that on March 30 and April 10, 2015, he distributed 5 grams or more of actual methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) (Counts 2-3). Sanchez proceeded to trial, and the evidence included testimony of law enforcement officials and cooperating witnesses who testified about conducting surveillance and making controlled buys, and about selling methamphetamine provided by Sanchez. This constituted sufficient evidence from which a reasonable jury could find Sanchez guilty as charged. *See United States v. Garcia*, 646 F.3d 1061, 1066-67 (8th Cir. 2015) (discussing evidence supporting distribution conviction); *United States v. Ramirez*, 362 F.3d 521, 524 (8th Cir. 2004) (discussing standard of review); *United States v. Romero*, 150 F.3d 821, 826 (8th Cir. 1998) (discussing evidence supporting conspiracy conviction).

As for the sentence, we find no clear error in the drug-quantity attribution or aggravating-role enhancement, both of which were supported by substantial evidence. *See United States v. Gaines*, 639 F.3d 423, 427 (8th Cir. 2011) (clearly erroneous standard of review; government bears burden of proving by preponderance of evidence that role enhancement is warranted); *United States v. Frazier,* 280 F.3d 835, 851-52 (8th Cir. 2002) (review of drug-quantity finding). After calculating a Guidelines imprisonment range of 324-405 months, the district court stated it was granting a modest downward variance based on the relevant factors, and sentenced Sanchez to 280 month in prison. We conclude that the district court did not impose

a substantively unreasonable sentence. *See United States v. Harlan*, 815 F.3d 1100, 1107 (8th Cir. 2016).

Finally, after conducting an independent review under *Penson v. Ohio*, 488 U.S. 75, 80 (1988), we have found no nonfrivolous issue for review. The judgment of the district court is affirmed, and counsel's motion to withdraw is granted.

———————————————